UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRILLIUM PARTNERS, L.P., | Case No.: 2:24-cv-02047-APG-BNW |
| Plaintiff | **Order Denying Trillium's Motions for Temporary Restraining Order and Preliminary Injunction** |
| v. | |
| CLEAN VISION CORP. and CLEARTRUST, LLC, | [ECF Nos. 5, 6] |
| Defendants | |

Trillium Partners, L.P. sues Clean Vision Corp. and its transfer agent Cleartrust, LLC for breach of contract based on a promissory note that Clean Vision executed in Trillium's favor in exchange for a loan. Trillium moves for a temporary restraining order (TRO) and preliminary injunction to prevent Clean Vision from selling or otherwise dissipating any of its stock. Trillium argues that it is entitled to the stock in lieu of money under the note's terms and that the only way Clean Vision could satisfy the debt is through the stock conversion. Clean Vision responds that Trillium has not met its burden of showing it would be irreparably harmed without an injunction, the contract is unenforceable, and the balance of equities favors Clean Vision. I deny Trillium's motions because it has not met its burden for injunctive relief.

**I. BACKGROUND**

Clean Vision issued a promissory note to Trillium in exchange for $492,500. ECF No. 1-2 at 2. The total amount owed also included a premium discount of $87,500 and a one-time interest charge of $58,000. *Id.* Clean Vision was obligated to repay the debt in seven monthly payments beginning four months after the note issued. *Id.* at 3. In the event of a default, Trillium reserved the right to convert all or part of the unpaid debt into shares of common stock in Clean

Vision, up to 9.99% of the outstanding shares. *Id.* at 5.  To ensure availability of shares for conversion, the note required Clean Vision to reserve shares valued at two and a half times the conversion amount at all times. *Id.* at 6.  Clean Vision was also required to maintain a transfer agent with an irrevocable instruction to issue the common stock to Trillium upon conversion. *Id.* Default events included failure to make payments and replacement of the transfer agent. *Id.* at 3-4.

Trillium alleges that Clean Vision failed to make its first four monthly payments, defaulting on the note. ECF No. 1 at 5.  Trillium attempted to convert some or all of the debt into shares of Clean Vision stock. *Id.*  The designated transfer agent informed Trillium that Clean Vision had terminated its services. *Id.*  Trillium alleges that Clean Vision changed its transfer agent to Cleartrust and did not provide Cleartrust the required irrevocable instructions for conversion. *Id.*

## II. DISCUSSION

To obtain a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  "The legal standards applicable to TROs and preliminary injunctions are substantially identical." *Babaria v. Blinken*, 87 F.4th 963, 976 (9th Cir. 2023) (simplified).

### A. Likelihood of Success on the Merits

Trillium argues that it is likely to succeed on its breach of contract claim because it performed its obligation by furnishing the initial loan, and Clean Vision breached by failing to make payments and changing the transfer agent. Clean Vision does not dispute these facts but responds that the contract is illegal and thus unenforceable because Trillium was operating as an unlicensed securities dealer.

It is unclear at this time whether Clean Vision will be successful with its illegality defense because the parties contest the facts underlying that defense. Clean Vision does not offer any evidence to dispute Trillium's claim that Clean Vision missed payments and changed transfer agents in violation of the contract. Therefore, Trillium has at least raised serious questions on the merits to satisfy this element under the sliding scale test.

### B. Likelihood of Irreparable Harm

Trillium argues that it is entitled to specific performance under the contract and failing to freeze Clean Vision's stock would deprive it of that contractual right. Trillium further contends that it would be irreparably harmed absent a freeze because Clean Vision's Security and Exchange Commission (SEC) filings show that its debts exceed its assets, so it would be unable to satisfy a money judgment. Clean Vision responds that its financial situation is substantially the same as when Trillium issued the loan and Trillium has failed to show that Clean Vision is insolvent or dissipating its assets.

Trillium must show that irreparable injury is likely—not merely possible—in the absence of an injunction. *Winter*, 555 U.S. at 22. I have authority to issue a preliminary injunction freezing assets "where the plaintiffs can establish that money damages will be an inadequate remedy due to impending insolvency of the defendant or that defendant has engaged in a pattern

3

of secreting or dissipating assets to avoid judgment." *In re Estate of Ferdinand Marcos, Human Rts. Litig.*, 25 F.3d 1467, 1480 (9th Cir. 1994); *see also Hendricks v. Bank of Am., N.A.*, 408 F.3d 1127, 1141 (9th Cir. 2005) (testimony by state regulators showed company was insolvent and likely to experience ongoing precarious financial situation, justifying preliminary injunction). A preliminary injunction freezing assets may also be appropriate where the plaintiff raises equitable, rather than solely legal, claims. *See In re Focus Media Inc.*, 387 F.3d 1077, 1084-85 (9th Cir. 2004). Although I may give weight to contractual statements regarding the nature of harm, "the terms of a contract alone cannot require a court to grant equitable relief." *Barranco v. 3D Sys. Corp.*, 952 F.3d 1122, 1130 (9th Cir. 2020).

Trillium has not met its burden to show that it is likely to suffer irreparable injury absent injunctive relief. Trillium requests equitable relief in the form of specific performance, and the contract acknowledges that Trillium is entitled to specific performance in the event of a breach. ECF No. 1-2 at 11. But Trillium's CEO admits that Trillium's intent is to "obtain unrestricted shares, sell them in the marketplace and recover the outstanding principal indebtedness owed to it." ECF No. 6-2 at 8. Thus, Trillium does not seek the stocks for any ownership interest or rights or the intrinsic value of the stocks themselves, only as an asset to liquidate and recover its loan.

Trillium also does not show that Clean Vision faces impending insolvency or is secreting or dissipating assets. Trillium's CEO asserts that Clean Vision's public filings to the SEC for the period ending March 31, 2024 show that Clean Vision's debts exceed its assets, it has negative cash flow, and it is unable to pay its debts when they come due. *Id.* But Trillium does not present the SEC filing it is relying on or any other evidence that Clean Vision faces impending financial hardship or is selling or otherwise dissipating its stock or other assets. Trillium's CEO

does not state how, other than through the unattached SEC filing, he knows that Clean Vision has negative cash flow and is unable to pay its debts when they come due. Clean Vision submitted the SEC filing that allegedly shows its severe financial condition shortly after Trillium chose to loan it the funds, and Trillium does not allege that this filing shows a change in financial condition from when it funded the note. *See* ECF Nos. 1-2 at 2; 5-2 at 8 (note issued on February 15, 2024, and SEC filings cover period ending March 31, 2024). Trillium has not met its burden of demonstrating that it is likely to suffer irreparable harm, so I deny its motion for injunctive relief.

### C. Balance of Hardships

Even if Trillium could show that irreparable harm was likely, under the sliding scale approach, it must show that the balance of hardships tips sharply in its favor. *Cottrell*, 632 F.3d at 1135. Trillium asserts that there is no harm to Clean Vision in being required to specifically perform its obligations under the note and therefore Trillium will suffer greater hardship absent an injunction. Trillium does not describe what hardship it would experience beyond potential financial loss. It proposes I enjoin Clean Vision "from distributing transferring, hypothecating, mortgaging, encumbering or otherwise effecting any other shares of stock of CLNV, for any purpose." *See* ECF No. 6-1 at 3. Clean Vision maintains that such an injunction would harm its ability to raise funds causing financial detriment "likely in the millions of dollars." ECF No. 16-2 at 2. Third parties interested in purchasing Clean Vision stock would also be harmed because they would be unable to do so. Trillium has not met its burden of showing the balance of hardships tips sharply in its favor.[1]

---

[1] Trillium has not shown that the balance of hardships would favor it even if I were to tailor an injunction prohibiting the transfer of a lesser amount of stock, such as the amount specified for reserve or the 9.99% of shares that is the maximum amount called for under the note.

### D. Public Interest

In its motion, Trillium does not address the public interest factor, and so has not met its burden under *Winter*. Clean Vision argues that the public interest weighs against the injunction because of the harm to third parties who may wish to purchase its stock. In its reply, Trillium asserts that the "other shareholders are largely CLNV officers and directors," so Clear Vision's concerns are not "altruistic." ECF No. 19 at 10. But Trillium cites no evidence to support this statement and it still does not address the potential shareholders who are not Clean Vision insiders. Trillium thus has not shown the public interest weighs in favor of an injunction.

### E. Summary

Trillium has failed to meet its burden for a preliminary injunction. It raises serious questions on the merits but has failed to show a likelihood of irreparable harm or that the balance of hardships favors it (or sharply favors it under the sliding scale standard). Thus, I deny Trillium's motions for a temporary restraining order and preliminary injunction.

## III. CONCLUSION

I THEREFORE ORDER that plaintiff Trillium Partners, L.P.'s motions for a temporary restraining order **(ECF No. 5)** and preliminary injunction **(ECF No. 6) are DENIED**.

DATED this 28th day of January, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE